UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ABDULLAH EL-SEBLANI,

    Plaintiff,

v.

                            Case No. 11-11178

                            Honorable Patrick J. Duggan

ONEWEST, FSB f/k/a INDYMAC
FEDERAL BANK, and INDYMAC
MORTGAGE SERVICES, a division of
OneWest Bank, FSB, jointly and severally,

    Defendants.
    _____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on_December 15, 2011.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                  U.S. DISTRICT COURT JUDGE

On February 4, 2011, Abdullah El-Seblani ("Plaintiff") filed this suit in Wayne County Circuit Court, seeking to set aside the sheriff's sale of real property located in Dearborn Heights, Michigan. Presently before the Court is a motion for summary judgment filed by Defendants OneWest Bank, FSB and IndyMac Mortgage Services (collectively, "OneWest") on August 15, 2011 pursuant to Federal Rule of Civil Procedure 56. The matter has been fully briefed, and the Court heard oral argument on October 27, 2011. For the reasons stated below, the Court grants OneWest's motion.

**I. Factual and Procedural Background**

On February 5, 2007, Plaintiff purchased a home located at 25689 Loch Lomond Drive, in Dearborn Heights, Michigan.  To finance the purchase price, he obtained a loan from IndyMac Bank, FSB.  To secure repayment, Plaintiff executed a mortgage on the property in favor of Mortgage Electronic Registration Systems ("MERS") as nominee for the lender.

Plaintiff eventually defaulted on the loan payments.  In a letter dated June 23, 2010, OneWest's counsel, Orlans Associates, P.C. ("Orlans") notified Plaintiff that OneWest had requested that Orlans begin foreclosure proceedings.  Defs.' Br. Ex. 4.  The letter stated that Plaintiff could request a meeting within 14 days to attempt to work out a modification of the mortgage loan and avoid foreclosure.  MERS assigned the mortgage to OneWest Bank, FSB, and on July 1, 2010, this assignment was recorded with the Register of Deeds.

On July 7, 2010, OneWest received a fax authorizing Allstates Modification to discuss Plaintiff's loan.  According to an affidavit filed by Marshall Isaacs, OneWest's attorney, Plaintiff never requested a meeting to discuss modification.  Defs.' Br. Ex. 6 at 5 ¶ 8.  Nonetheless, OneWest apparently offered Plaintiff a trial loan modification in a letter dated July 14, 2010, stating in part:

> Congratulations!  You may be eligible for a loan modification.  We are pleased to offer you the enclosed custom modification as a solution to help you stay in your home.
>
> This offer is valid for a limited time.  The enclosed modification agreement must be signed and returned to IndyMac Mortgage Services by 7/28/2010.
>
> If you accept this offer, you will need to sign and return the enclosed modification agreement along with your first monthly payment in the enclosed prepaid envelope.  The principal and interest portion of your monthly payment will be $856.45 and will change according to paragraph two on the enclosed

2

modification agreement.

Defs.' Br. Ex. 8.  OneWest received a payment of $856.45 from Plaintiff on July 31, 2010, but did not receive a signed modification agreement.  Because the trial modification offer had expired, OneWest placed the payment into a suspense account.  OneWest received a signed modification agreement from Plaintiff on August 18, 2010, and apparently learned that Plaintiff had understated his liabilities and expenses by more than 20% when applying for the loan modification.  *See* Defs.' Br. Ex. 10 at 2.  OneWest denied the modification, and in a letter dated August 30, 2010, indicated to Plaintiff that it would be proceeding with foreclosure.

At a sheriff's sale held on September 2, 2010, the Federal National Mortgage Association purchased the property.  Plaintiff filed this lawsuit in Wayne County Circuit Court on February 4, 2011, shortly before the six-month statutory redemption period expired.  His Complaint asserts the following claims: violation of the Mortgage Brokers, Lenders, and Servicers Licensing Act ("MBLSLA"), Michigan Compiled Laws § 445.1651 *et seq.* (Count I); breach of contract (Count II); promissory estoppel (Count III); misrepresentation (Count IV); violation of Michigan Compiled Laws § 600.3205a (Count V); and exemplary damages (Count VI).  OneWest removed the suit to this Court on March 23, 2011, and has now moved for summary judgment.

## II. Standard of Review

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The central inquiry is "whether the evidence presents a sufficient disagreement

to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512 (1986). After adequate time for discovery and upon motion, Rule 56 mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).

The movant has an initial burden of showing "the absence of a genuine issue of material fact." *Id.* at 323, 106 S. Ct. at 2553. Once the movant meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986). To demonstrate a genuine issue, the non-movant must present sufficient evidence upon which a jury could reasonably find for the non-movant; a "scintilla of evidence" is insufficient. *Liberty Lobby*, 477 U.S. at 252, 106 S. Ct. at 2512. The court must accept as true the non-movant's evidence and draw "all justifiable inferences" in the non-movant's favor. *Id.* at 255, 106 S. Ct. at 2513. "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

### III. Discussion

**A. Standing**

Defendants argue that Plaintiff lacks standing to challenge the sheriff's sale because the statutory redemption period has expired. Under Michigan law, once the redemption period has expired, the former owner's rights in and title to the property are extinguished. *Piotrowski v. State Land Office Bd.*, 302 Mich. 179, 187, 4 N.W.2d 514, 517 (Mich. 1942); *see also* Michigan Compiled Laws § 600.3236. At that point, the former owner loses standing to assert claims with respect to the property. *Overton v. Mortg. Elec. Registration Sys., Inc.*, No. 284950, 2009 Mich. App. LEXIS 1209, at *3 (Mich. Ct. App. May 28, 2009). The filing of a lawsuit does not toll the redemption period. *Id.* "'The law in Michigan does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in the absence of a clear showing of fraud, or irregularity.'" *Id.* (quoting *Schulthies v. Barron*, 16 Mich. App. 246, 247-248, 167 N.W.2d 784, 785 (Mich. Ct. App. 1969)).

The statutory redemption period expired on or about March 2, 2011, and Plaintiff has failed to present evidence sufficient to justify an equitable extension. Plaintiff first argues that the sheriff's sale is void *ab initio* under the decision of the Michigan Court of Appeals in *Residential Funding Co., LLC v. Saurman*, No. 290248, 2011 Mich. App. LEXIS 719 (Mich. Ct. App. Apr. 21, 2011). *Saurman*, however, has recently been reversed by the Michigan Supreme Court. *See Residential Funding Co., LLC v. Saurman*, No. 143178, 2011 Mich. LEXIS 1950 (Mich. Nov. 16, 2011). The Michigan Supreme Court held that a party holding a mortgage, the existence of which is contingent on the satisfaction of the debt, is "the owner of . . . an interest in the indebtedness secured by the mortgage," and may therefore foreclose by advertisement under Michigan law. *Id.* at *1 (citing Michigan

Compiled Laws § 600.3204(1)(d)).  According to the sheriff's deed, OneWest Bank, FSB foreclosed on Plaintiff's mortgage, and it is undisputed that OneWest Bank, FSB obtained Plaintiff's mortgage by assignment.  The Court concludes that no irregularity or fraud has been established.

Plaintiff also contends that OneWest violated Michigan's loan modification statute, Michigan Compiled Laws § 600.3205a *et seq.*, by failing to send by certified mail a notice of Plaintiff's right to request a loan modification.  A defective loan modification notice, however, is insufficient to justify setting aside a foreclosure sale.  *Nafso v. Wells Fargo Bank, N.A.*, No. 11-10478, 2011 U.S. Dist. LEXIS 44654, at *8-9 (E.D. Mich. Apr. 26, 2011); *see also Galati v. Wells Fargo Bank*, No. 11-11487, 2011 U.S. Dist. LEXIS 126124, at *10-12 (E.D. Mich. Nov. 1, 2011); *Brezzell v. Bank of Am., N.A.*, No. 11-11467, 2011 U.S. Dist. LEXIS 74291, at *15-17 (E.D. Mich. July 11, 2011).  Furthermore, OneWest has presented United States Postal Service delivery records establishing that the notice was delivered by certified mail on July 6, 2010, and Plaintiff has failed to point to any evidence indicating otherwise.  *See* Defs.' Reply Br. Ex. 4.  The Court accordingly concludes that Plaintiff has failed to demonstrate an irregularity sufficient to justify an extension of the redemption period.  Plaintiff lost standing to assert claims with respect to the property on March 2, 2011, when the six-month statutory redemption period expired.  *See* Michigan Compiled Laws § 600.3240(8).

**B. MBLSLA**

OneWest asserts that the MBLSLA does not apply in this case, and the Court agrees.  By its terms, the statute does not apply to "a depository financial institution."  Michigan

Compiled Laws § 445.1675(a). As a federally chartered savings association, OneWest Bank, FSB falls within the scope of this term, and is therefore exempt. *Id.* § 445.1651a(f). Because IndyMac Mortgage Services is a division of OneWest Bank, FSB, it is exempt as "a mortgage servicer that is a subsidiary or affiliate of a depository financial institution." *Id.* § 445.1675(m). The Court concludes that OneWest must be granted summary judgment on Plaintiff's claim under the MBLSLA.

**C. Breach of Contract**

OneWest argues that Plaintiff's breach of contract claim fails because the parties never entered into a loan modification contract. "Before a contract can be completed, there must be an offer and acceptance." *Pakideh v. Franklin Commercial Mortg. Grp.*, 213 Mich. App. 636, 640, 540 N.W.2d 777, 780 (Mich. Ct. App. 1995). "Unless an acceptance is unambiguous and in strict conformance with the offer, no contract is formed." *Id.* at 640, 540 N.W.2d at 780 (citing *Independence Twp. v. Reliance Bldg. Co.*, 175 Mich. App. 48, 53, 437 N.W.2d 22, 24 (Mich. Ct. App. 1989)). OneWest's offer expressly required the modification agreement to be signed and returned by July 28, 2010 along with the first monthly payment. OneWest received the payment on July 31, 2010, and did not receive the signed loan modification agreement until a few weeks later. As Plaintiff failed to accept the offer in accordance with its terms, no contract was formed.

Plaintiff points to the deposit of his check into a suspense account, mistakenly arguing that this indicates acceptance. "An offer comes to an end at the expiration of the time given for its acceptance." *Id.* at 640, 540 N.W.2d at 780. OneWest's offer imposed a deadline of July 28, 2010 for acceptance. As the check was received after that date, no

contract was formed. Absent a valid contract, Plaintiff's breach of contract claim fails as a matter of law.

**D. Promissory Estoppel**

Plaintiff asserts a claim of promissory estoppel, arguing that he relied upon the trial loan modification agreement to his detriment. The elements of promissory estoppel are:

> (1) a promise; (2) that the promisor should reasonably have expected to induce action of a definite and substantial character on the part of the promisee; (3) which in fact produced reliance or forbearance of that nature; and (4) in circumstances such that the promise must be enforced if injustice is to be avoided.

*Marrero v. McDonnell Douglas Capital Corp.*, 200 Mich. App. 438, 442, 505 N.W.2d 275, 278 (Mich. Ct. App. 1993). OneWest's offer clearly required Plaintiff to return the signed loan modification agreement and first monthly payment by July 28, 2010. Plaintiff did not act as contemplated by the offer, as he did not return the document and payment until after this deadline. Because Plaintiff's inaction allowed the offer to lapse, the Court finds no reason to enforce the promises contained in the trial loan modification agreement. Although OneWest did not return Plaintiff's payment, Plaintiff was at that time in default of his obligations to make payments to OneWest under the note. The Court concludes that promissory estoppel cannot be justified under these facts.

Even if promissory estoppel could be justified, the statute of frauds bars Plaintiff's claim. The statute of frauds provides:

> An action shall not be brought against a financial institution to enforce any of the following promises or commitments of the financial institution unless the promise or commitment is in writing and signed with an authorized signature by the financial institution:

8

> (a) A promise or commitment to lend money, grant or extend credit, or make any other financial accommodation.
> (b) A promise or commitment to renew, extend, modify, or permit a delay in repayment or performance of a loan, extension of credit, or other financial accommodation.
> (c) A promise or commitment to waive a provision of a loan, extension of credit, or other financial accommodation.

Michigan Compiled Laws § 566.132(2). The statute's definition of "financial institution" includes federally chartered savings associations such as OneWest. Michigan Compiled Laws § 566.132(3). Plaintiff seeks to enforce a promise to modify his loan, but has failed to present a written loan modification agreement signed by OneWest. Thus, the statute of frauds bars Plaintiff's promissory estoppel claim.

### E. Misrepresentation Claim

Plaintiff asserts that OneWest falsely represented that it would modify his loan when it had no intention of doing so. Compl. ¶ 29. To the extent that Plaintiff seeks to enforce an alleged promise to modify his loan, this claim is also barred by the statute of frauds. Moreover, Plaintiff has failed to introduce any evidence of a false representation. The promises to modify his loan were contained in the trial loan modification agreement. Because Plaintiff failed to accept within the time provided by the offer, OneWest was not bound by those promises. Failure to perform such obligations cannot constitute fraud.

### F. Violation of Michigan Compiled Laws § 600.3205a

Plaintiff asserts that OneWest violated Michigan Compiled Laws § 600.3205a by: (1) failing to setup a meeting to negotiate a loan modification; and (2) instituting foreclosure proceedings less than ninety days after sending him the statutory notice. Compl. ¶ 36. The statute provides, in pertinent part:

9

> (1) Subject to subsection (6), before proceeding with a sale under this chapter of property claimed as a principal residence exempt from tax under section 7cc of the general property tax act, 1893 PA 206, MCL 211.7cc, the foreclosing party shall serve a written notice on the borrower that contains all of the following information:
>
>   (a) The reasons that the mortgage loan is in default and the amount that is due and owing under the mortgage loan.
>   (b) The names, addresses, and telephone numbers of the mortgage holder, the mortgage servicer, or any agent designated by the mortgage holder or mortgage servicer.
>   (c) A designation of 1 of the persons named in subdivision (b) as the person to contact and that has the authority to make agreements under sections 3205b and 3205c.
>   (d) That enclosed with the notice is a list of housing counselors prepared by the Michigan state housing development authority and that within 14 days after the notice is sent, the borrower may request a meeting with the person designated under subdivision (c) to attempt to work out a modification of the mortgage loan to avoid foreclosure and that the borrower may also request a housing counselor to attend the meeting.
>   (e) That if the borrower requests a meeting with the person designated under subdivision (c), foreclosure proceedings will not be commenced until 90 days after the date the notice is mailed to the borrower.

Michigan Compiled Laws § 600.3205a. The evidence establishes that on June 23, 2010, OneWest sent Plaintiff a letter via certified mail containing this information. According to the affidavit of Marshall Isaacs, OneWest's attorney, Plaintiff did not request a meeting to discuss loan modification. Defs.' Br. Ex. 6 at 5 ¶ 8. Plaintiff has failed to introduce any evidence disputing this. In his response brief, Plaintiff argues that he did not request the meeting because he never received notice of his right to do so. OneWest, however, has provided a certified mail delivery receipt from the United States Postal Service indicating that its letter was delivered on July 6, 2010. Defs.' Reply Br. Ex. 4. There is no evidence before the Court indicating that Plaintiff lacked notice of his right to request a meeting or that he actually requested such a meeting. As for the required ninety-day delay in

10

commencing foreclosure proceedings under Michigan Compiled Laws § 600.3205a(1)(e), this provision states that it applies "if the borrower requests a meeting with the person designated under subdivision (c)." Absent such a request, a lender may institute foreclosure proceedings more quickly. The Court accordingly grants summary judgment for OneWest on Plaintiff's claim.

**G. Exemplary Damages**

Count VI of the Complaint seeks exemplary damages for OneWest's malicious, willful, and wanton disregard of Plaintiff's rights. Compl. ¶ 41. "[E]xemplary damages are a form of compensation for an injury and [] they do not qualify as a cause of action." *Kozma v. Chelsea Lumber Co.*, No. 290713, 2010 Mich. App. LEXIS 1397, at *22 (Mich. Ct. App. July 10, 2010). The Court has concluded that OneWest must be granted summary judgment on Plaintiff's claims, and finds no grounds for awarding damages.

### IV. Conclusion

Accordingly,

**IT IS ORDERED** that OneWest's motion for summary judgment is **GRANTED**.

                                                    s/PATRICK J. DUGGAN
                                                    UNITED STATES DISTRICT JUDGE

Copies to:

Vanessa G. Fluker, Esq.
Jeffrey T. Goudie, Esq.